Armand P. Mele, Esq. (AM-7378)
Junge & Mele, LLP
250 West 57th St., Suite 2532
New York, New York 10107
(212) 269-0061
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------- x

TRANS ATLANTIC SHIPPING
OF CT. INC

                         Plaintiff,

                                                                                               Civil Action No.:

          v.

TRANS ATLANTIC CONTAINER           **COMPLAINT**
LINES INC.

                        Defendant.

------------------------------------------------------- x

      Plaintiff, by its attorneys, Junge & Mele, LLP, complaining of the Defendant states and alleges the following:

### JURISDICTION

      1.      This is a an admiralty and maritime claim within the meaning of Fed. R. Civ. P. Rule 9(h) and is further within the court's admiralty and maritime jurisdiction.

      2.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) since Defendant resides and maintains a place of business in Newark, New Jersey.

      3.      Plaintiff is a Connecticut corporation having its principal office located at 34 Nelson St. East Hartford CT and was, at all times relevant, the shipper/exporter of the following Cargo: a) one 40' Shipping Container #MSCU7156820, seal # UL-1958185, containing two

2001 Hyundai Accents, one 2001Mazda Protege, one 2002 Hyundai Elantra, and multiple units of household goods, (hereafter "Cargo A" b) one 40' Shipping Container #TRLU7226321, seal # UL1958166, containing one 2003 Kia Spetre, one 2003 Ford Escape, one 2008 Hyundai Elantra, one 2002 Hyundai Elantra, and multiple units of household goods (hereafter "Cargo B").

4. Defendant is a New Jersey corporation with an office located at 720 Frelinghuysen Avenue, Newark, NJ, and is a non-vessel operating common carrier ("NVOCC") registered with the Federal Maritime Commission.

5. In or about November 2012 Defendant contracted with Plaintiff to ship Cargo A and Cargo B from New York to Ghana pursuant to which Defendant issued Plaintiff Dock Receipts for each container and took custody and control thereof.

6. In its capacity as an NVOCC, Defendant subcontracted the actual ocean carriage of the Cargo to Mediterranean Shipping Company ("MSC"), for which MSC issued to Defendant, as shipper, Bill of Lading No. MSCUAR326610 for Cargo A, to be shipped aboard the M/V MSC MATILDE V, and Bill of Lading No. MSCUAR322171 for Cargo B, to be shipped aboard the M/V KAETHER C. RICKMERS.

7. While the Cargo was in Defendant's custody and control at the marine terminal awaiting loading, Hurricane Sandy struck land, causing damage to the contents of both of Plaintiff's Containers, as well as numerous containers belonging to other shippers.

8. Upon information and belief, MSC contacted Defendant, as well as the rest of the shippers with containers stored at the terminal, and gave them the opportunity to take inspect the contents of the Cargo and take back possession of same in order to salvage it to the extent possible and to preserve its value.

9. Defendant inspected the Cargo, observed the water damage caused by the storm, and, without advising Plaintiff or obtaining any authority from Plaintiff, told MSC to ship the Cargo in damaged condition.

10. After inspecting the Cargo, Defendant installed different seals on the containers than those provided by the Plaintiff.

11. By knowingly shipping cargo which was damaged while in Defendant's custody and control , Defendant issued a false or misleading bill of lading in violation of the Federal Bills of Lading Act, 49 USC §§90101-80116, and the Carriage of Goods by Sea Act, 46 USC 30701.

12. As a result of Defendant ordering the Cargo be shipped to Ghana despite being water damaged, said Cargo was largely destroyed and suffered a diminution in value of no less than $65,000 for Cargo A and $61,000 for Cargo B.

13. The damage to the Cargo was not the result of any act or omission of the Plaintiff, but to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and or its agents.

14. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid although duly demanded, which is presently estimated to be no less than $140,000.

15. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in said Cargo, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid.

2. That judgment may be entered in favor of Plaintiff against Defendant, for the amount of Plaintiff's damages in the amount of at least $140,000, together with interests, costs, and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated July 9, 2013

                                                JUNGE & MELE, LLP
*Attorneys for Plaintiff Trans Atlantic Shipping of CT Inc.*

                                              s/ Armand P. Mele
By:_____
                                             Armand P. Mele, Esq.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify to the best of my knowledge, information and belief that the matter in controversy herein is not the subject of any proceeding pending in any court or of any pending arbitration or administrative proceeding.

Dated: July 9, 2013

                                              s/ Armand P. Mele
                                       _____
                                             Armand P. Mele, Esq